UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALI TAJ BEY,

Plaintiff,

v. CASE NO. 8:25-cv-1209-SDM-SPF

APPLE INC.,

Defendant.
___________________________________/

**ORDER**

Ali Taj Bey, proceeding *pro se*, sues (Doc. 1) Apple Inc. for violation of the Federal Wiretap Act (Count I), violation of the Stored Communications Act (Count II), intrusion upon seclusion (Count III), violation of FDUPTA (Count IV), breach of implied contract (Count V), and for declaratory and injunctive relief (Count VI). Apple moves (Doc. 16) to dismiss for lack of standing and failure to state a claim. Bey responds (Doc. 17) in opposition, and Apple replies (Doc. 23).

The complaint alleges the following sparse facts, which are presumed true in weighing the sufficiency of the complaint. Between 2014 and 2024, Bey owned three Siri-enabled Apple devices. (Doc. 1 ¶ 8) Bey used Siri on these devices and relied on Apple's representations that Siri activates only upon an express prompt. (Doc. 1 ¶ 9) Siri activated without an express prompt during "legal and medical conversations." (Doc. 1 ¶ 10) The recordings created by these activations "were transmitted to Apple servers and accessed without consent." (Doc. 1 ¶ 11) Based upon targeted

advertisements relevant to Bey's legal and medical conversations, "Apple may have shared recorded data with advertisers." (Doc. 1 ¶ 13) Bey claims this "concern" is "confirm[ed]" by a 2019 whistleblower report that revealed Apple contractors accessed private Siri recordings. (Doc. 1 ¶ 14) Apple acknowledged and suspended the practice following the report's publication. (Doc. 1 ¶ 14)

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet this standard, a claim must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff seeking injunctive relief must "establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the 'threatened injury is certainly impending.'" *Cambridge Christian Sch., Inc. v. Fla. High Sch. Ath. Ass'n, Inc.*, 115 F.4th 1266, 1281 (11th Cir. 2024). Additionally, a plaintiff requesting declaratory relief must establish standing by demonstrating "a substantial likelihood that he will suffer injury in the future." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210-11 (11th Cir. 2019).

The complaint is short on facts but long on conclusions. Bey fails to allege any facts surrounding the purportedly recorded conversations to support any

reasonable expectation of privacy. Similarly, the complaint contains no facts as to what devices were activated or to support that the recordings were created, sent to Apple's servers, stored, or accessed. By extension, Bey's contention that Apple transmitted the recordings to a third party is entirely speculative.

Bey fails to plead an unfair or deceptive business practice or damages caused by that practice but instead offers conclusory statements. Further, beyond the conclusory claim of "an implied agreement of privacy and limited data use," Bey fails to allege facts to support the existence of an implied contract either in law or fact. Finally, because he fails to establish a substantial likelihood of injury in the future or that threatened injury is certain and impending, Bey fails to establish entitlement to either declaratory or injunctive relief.

Apple's reply (Doc. 23) notes that Bey either used artificial intelligence or fabricated case law in his response (Doc. 17) to the motion to dismiss. Bey answers (Doc. 26) by requesting sanctions against Apple but fails to deny using artificial intelligence or fabricating authority.[1] The response (Doc. 17) to the motion to dismiss cites "*Halvorsen v. Dollinger*, 471 So. 2d 32, 24 (Fla. 2d DCA 1985)," a non-existent case. Also, Bey misstates the holding of several cases. (Doc. 17 at 2–4, 6)

For the reasons stated above and for reasons stated by the defendant, the motion (Doc. 16) to dismiss is **GRANTED**. The complaint is **DISMISSED WITHOUT PREJUDICE**. Bey may amend the complaint no later than **November 26,**

---

[1] An earlier order (Doc. 28) denies Bey's motion for sanctions.

**2025**. Further use of artificial intelligence resulting in hallucinated authority or fabrication will result in sanction, monetary or otherwise. Bey's motion (Doc. 35) to vacate the stay is **DENIED AS MOOT**.

**A CAUTION TO BEY**

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a pro se party, in conducting an action. Therefore, Bey is strongly advised to obtain legal advice and assistance — if not representation — from a member of The Florida Bar. To the extent he intends to continue to represent himself in this action, Bey should familiarize himself with both the Federal Rules of Civil Procedure at https://www.uscourts.gov/rulespolicies/current-rules-practice-procedure/federal-rules-civil-procedure and the Local Rules for the Middle District of Florida at https://www.flmd.uscourts.gov/localrules, a copy of each of which is avail-able in the clerk's office on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Also, Bey can consult the "Litigants Without Lawyers" guidelines at http://www.flmd.uscourts.gov/litigants-without-lawyers.

ORDERED in Tampa, Florida, on November 12, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE