UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALI TAJ BEY,                           :
*Plaintiff*,                           :
                                       :
         v.                            :        Case No. 8:25-cv-1209-SDM-
                                       :        SPF
COLONEL, PATRICK J.                    :
CALLAHAN,                              :
Superintendent, New Jersey State       :
Police, in his official capacity,      :
*Defendant*.                           :
_____/

**VERIFIED AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF**

## INTRODUCTION

1. This action challenges the State of New Jersey's continuing classification of

Plaintiff as a "violent felon" and the lifetime civil disabilities that flow from that

classification (including total disarmament and other permanent occupational and

civil disabilities) as unconstitutional as applied to Plaintiff under the Second, Fifth,

and Fourteenth Amendments. Plaintiff does not attack the validity of his

underlying convictions; he seeks only a declaration and injunction correcting the

State's present classification and eliminating the continuing civil disabilities that

operate as an ongoing deprivation without individualized process or contemporary

findings of dangerousness.

## JURISDICTION & VENUE

2. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and

civil-rights jurisdiction under 28 U.S.C. § 1343. Declaratory relief is authorized by

28 U.S.C. §§ 2201–2202.

3. Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff

resides in the Middle District of Florida and suffers continuing constitutional

injuries here as a direct result of Defendant's maintenance and dissemination of the

challenged classification. If the Court finds venue or personal jurisdiction

improper, Plaintiff requests mandatory transfer under 28 U.S.C. § 1631 to a federal

court where venue and jurisdiction are proper (and specifically to the District of

New Jersey, Trenton Division), rather than dismissal, to preserve Plaintiff's right

to adjudicate federal constitutional claims.

## PARTIES

4. Plaintiff ALI TAJ BEY is an adult resident of the Middle District of Florida.

5. Defendant COLONEL PATRICK J. CALLAHAN is the Superintendent of the

New Jersey State Police and is sued in his official capacity only. NJSP maintains

and disseminates criminal history classifications including the "violent felon"

designation and transmits that data to downstream agencies and databases

(including federal systems such as NICS) that continue to impose lifelong civil

disabilities on Plaintiff.

2

## FACTUAL ALLEGATIONS

6. Plaintiff's qualifying convictions occurred between 1989 and 2003 and are decades old. The offense(s) the State cites as the basis for the "violent felon" label did not involve violence in fact.

7. On information and belief, Plaintiff's trial counsel (Robert J. Blumenfeld, Esq.) has submitted a sworn affidavit stating that (a) the underlying incident did not involve threat, force, injury, or any observed confrontation; (b) the record contains no evidence of a completed robbery or a demand for property; and (c) the events consist of entry, inspection, and an attempted departure, followed by apprehension. (Blumenfeld Aff., Ex. A.)

8. Despite the absence of violent conduct in the record and decades of non-violent post-conviction life, the State persists in labeling Plaintiff a "violent felon," which triggers permanent civil disabilities, including an absolute bar on firearm possession, exclusion from possession of non-lethal defensive tools, and collateral restrictions on employment, licensing, and housing.

9. New Jersey affords Plaintiff no adequate mechanism for meaningful individualized review, a contemporaneous determination of present dangerousness, or periodic reconsideration of the "violent felon" designation that would justify lifetime deprivation of core rights.

10. As a result of the continuing classification, Plaintiff suffers present, concrete, and particularized injuries in this District, including (a) inability to lawfully possess defensive tools or otherwise exercise self-defense rights in Florida, (b) stigma and barriers to employment and licensure, and (c) other collateral civil consequences. These injuries are traceable to Defendant's classification policies and are redressable by declaratory and injunctive relief.

## VIII. RECORDS RETENTION, DUTY TO PURGE, AND IMPROPER RELIANCE ON PURGE-ELIGIBLE RECORDS

*A. Statutory and regulatory background*

11. The New Jersey Judiciary promulgated retention schedules for criminal case files under Directive #03-01 (March 16, 2001). Under the pre-2017 schedule, third and fourth degree convictions were subject to destruction (purge) 20 years after disposition, and first and second degree convictions were subject to destruction 40 years after disposition. On March 7, 2017 the Judiciary issued a Supplement to Directive #03-01 that merged degree-based series and generally increased retention (including, in many instances, retention to 50 years). The Division of Archives and Records Management ("DARM") supervises and must authorize any destruction or official retention beyond scheduled purge dates; agencies seeking authorization must submit the DARM "Request and Authorization for Records Disposal" form and retain the authorization as a permanent record in accordance with N.J. Admin. Code Tit. 15. [Directive #03-01; Supplement; N.J.A.C. Tit. 15.]

*B. Factual assertions*

12. Plaintiff alleges, on information and belief, that several dispositions on which Defendant has relied to classify Plaintiff as a "violent felon" were disposed in the early-to-mid 1990s and therefore qualified for purge under the pre-2017 schedule before the March 2017 Supplement altered retention periods. Representative dispositions (which Defendant maintains in its official files) include the disposition dates of approximately 12/04/1991, 05/13/1994, and 03/03/1995 (each of which would have been eligible for purge by 2011, 2014, and 2015 respectively under the pre-2017 schedule). Plaintiff does not attach the Party Court History to this pleading but identifies these dates so that Defendant can locate the records in its custody.

13. Plaintiff alleges that if Defendant retained any case file beyond the pre-2017 purge date, Defendant must produce contemporaneous DARM "Request and Authorization for Records Disposal" forms or other lawful retention authorizations demonstrating that retention was authorized. Absent such contemporaneous authorizations, Plaintiff alleges reliance on purge-eligible records to sustain a lifetime "violent felon" classification is unlawful and supports the relief requested herein.

*C. Requested retention relief (discrete declaratory and injunctive relief)*

14. Plaintiff seeks a limited declaratory and equitable ruling on the legal consequences of retention and reliance on purge-eligible records as applied to Plaintiff, including:

a. A declaration that, for classification and downstream reporting (including NJSP, NICS, and licensing or employment databases), any file or case record that was eligible for purge under the pre-2017 Directive #03-01 schedule and for which Defendant cannot produce a valid contemporaneous DARM Request and Authorization form (or other lawful authorization) authorizing retention beyond the pre-2017 purge date shall be treated as purged for classification purposes and may not be used as the basis for labeling Plaintiff a "violent felon" or imposing lifetime civil disabilities; and

b. A mandatory injunction requiring Defendant, within fourteen (14) days of the Court's order, to produce any DARM authorization forms or other documentary evidence authorizing retention past pre-2017 purge dates for the files identified in paragraph 12, or else to purge/segregate those files for classification purposes and to correct any downstream systems and notifications that rely upon un-authorized retention; and

c. An order directing Defendant to provide Plaintiff and the Court a list of downstream agencies and databases (including NICS and licensing entities) that received the challenged classifications and to notify them promptly of correction if

no lawful retention authorization exists for the purge-eligible records. [Directive #03-01; DARM rules N.J.A.C. Tit. 15; DORES/Artemis procedures.]

*D. Preservation, discovery, and limited motion to compel*
15. To test the State's retention justification, Plaintiff requests immediate discovery limited to retention authorization for case files disposed between 1991 and 2003 identified above. Specifically, within fourteen (14) days, Defendant should produce: (i) all DARM Request and Authorization for Records Disposal forms and any DARM approvals or denials that reference Plaintiff's case files or any of the disposition dates identified above; (ii) any internal NJSP or Judiciary memoranda, emails, retention logs or correspondence reflecting requests to DARM to retain or postpone destruction of Plaintiff's case files; and (iii) a statement identifying whether Defendant or NJSP transmitted copies of the challenged files to any downstream agency and identifying such agencies. If Defendant withholds any such documents on privilege grounds, Plaintiff requests a privilege log for judicial review. If Defendant refuses production, Plaintiff will promptly move to compel. [N.J.A.C. 15:3-2.1; 15:3-2.2; DORES/Artemis guidance.]

## LEGAL FRAMEWORK & AUTHORITIES
16. The Second Amendment protects the right of "the people" to keep and bear arms; when the Amendment's text covers an individual's asserted conduct, the government must demonstrate that the challenged restriction is consistent with the

Nation's historical tradition of firearm regulation. See Bruen, 597 U.S. 1 (2022). The Supreme Court's decisions in Heller and McDonald recognized an individual right while noting historically rooted exceptions; Rahimi explains the role of individualized threat findings in modern cases. The Third Circuit en banc decision in Range v. Attorney General, 69 F.4th 96 (3d Cir. 2023), is controlling in this Circuit for as-applied felon challenges. [Bruen; Heller; McDonald; Rahimi; Range.]

## CLAIMS FOR RELIEF
### COUNT I — Declaratory Relief (28 U.S.C. §§ 2201–2202)

17. Plaintiff incorporates the foregoing paragraphs. Plaintiff seeks a declaration that the State's classification of Plaintiff as a "violent felon," and the resulting lifetime civil disabilities, violate the Second, Fifth, and Fourteenth Amendments as applied to Plaintiff under controlling Supreme Court and Third Circuit law.

### COUNT II — Violation of the Second Amendment (as-applied)

18. Plaintiff incorporates the foregoing paragraphs. Under Bruen and the guidance of Rahimi, the Government bears the burden to show that lifelong categorical disarmament here is consistent with the Nation's historical tradition or that individualized present dangerousness justifies limitation. Under Range (Third Circuit en banc), the Government cannot satisfy that burden for persons like Plaintiff whose predicate offense was non-violent in fact and occurred decades ago. Defendant has not made any individualized showing that Plaintiff presently

8

poses a concrete threat; accordingly, the classification as applied violates the Second Amendment.

**COUNT III — Substantive Due Process (Fifth and Fourteenth Amendments)**
19. Plaintiff incorporates the foregoing paragraphs. Indefinite civil disabilities imposed without meaningful individualized review or process that is reasonably related to public safety are arbitrary and violate substantive due process. The State's lifetime classification, absent a contemporaneous individualized finding of dangerousness or a historically rooted justification, unlawfully deprives Plaintiff of liberty interests including the fundamental right of self-defense.

**COUNT IV — Equal Protection (Fourteenth Amendment)**
20. Plaintiff incorporates the foregoing paragraphs. The State's classification treats Plaintiff differently than similarly situated non-violent individuals without a constitutionally adequate rational basis, denying him equal protection under the law.

**CLAIM UNDER 42 U.S.C. § 1983**
21. Plaintiff incorporates the foregoing paragraphs. Defendant, acting under color of state law, enforces and maintains the challenged classification scheme and thereby violates Plaintiff's rights secured by the U.S. Constitution. Plaintiff seeks prospective declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to

correct official records and to enjoin continued enforcement of the unconstitutional classification.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that the Court:

A. Declare that Plaintiff is not lawfully classified as a "violent felon" under the Second, Fifth, and Fourteenth Amendments as applied to his facts;

B. Enter a permanent injunction directing Defendant to correct Plaintiff's criminal history classification, remove the "violent felon" designation from Plaintiff's records, and notify all downstream state and federal agencies (including NICS) of the correction;

C. Enjoin Defendant and all agents from enforcing or relying on the challenged classification to impose lifetime civil disabilities on Plaintiff;

D. Order production within 14 days of any DARM "Request and Authorization for Records Disposal" forms or other retention-authorization documents permitting retention past pre-2017 purge dates for the case files identified herein; if Defendant fails to produce such authorizations, order Defendant to treat those files as purged for classification purposes and to correct downstream systems accordingly;

E. Award costs, reasonable fees, and expenses to the extent available; and

## RULE 5.1 NOTICE

22. Pursuant to Fed. R. Civ. P. 5.1(a), Plaintiff gives notice that this action raises a

constitutional challenge to the application of state policies imposing lifetime civil

disabilities; Plaintiff will serve the Attorney General of New Jersey and the U.S.

Attorney General as required by Rule 5.1(b)

## VERIFICATION

I declare under penalty of perjury that the factual allegations in this Complaint are

true and correct.

Respectfully submitted,

/s/ Ali Taj Bey, *in sui juris*
4000 24th St. N., Unit 802
St. Petersburg, FL 3371
[ali.taj.bey@gmail.com]
(727) 454-8566

11

# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## FOR HILLSBOROUGH COUNTY, FLORIDA
## FAMILY LAW DIVISION

CRAIG ALLEN MYRICK
**Petitioner**

**Case No:** 17-DR-017738

vs

**Division:** FP

**Respondent**

### FINAL JUDGMENT OF CHANGE OF NAME (ADULT)

This cause came before the Court on April 5, 2018, for a hearing on Petition for Change of Name (Adult) under section 68.07, Florida Statutes, and it appearing to the Court that:

1. Petitioner is a bona fide resident of Hillsborough County, Florida;

2. Petitioner's request is not for any ulterior or illegal purpose; and

3. Granting this petition will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise;

it is ORDERED that Petitioner's present name, <u>CRAIG ALLEN MYRICK</u> is changed to **Ali Taj Bey**, by which Petitioner shall hereafter be known.

Done and Ordered in Hillsborough County, Florida this 6th day of April, 2018.

17-DR-017738 4/6/2018 1:35:02 PM

17-DR-017738 4/6/2018 1:35:02 PM

Wesley D. Tibbals, Judge

Copies Furnished To:

**Petitioner**
ALI TAJ BEY
mylife180@gmail.com

**Respondent**

STATE OF FLORIDA )
COUNTY OF HILLSBOROUGH)
THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE DOCUMENT ON FILE IN MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL THIS 25 DAY OF May , 20 18
PAT FRANK, CLERK
BY

MIRIAN ROMAN-PEREZ

# Exhibit A

STATE OF NEW JERSEY:
COUNTY OF ESSEX    :SS

### A F F I D A V I T

I, Robert J. Blumenfeld, Esquire, upon information and belief, upon my oath depose and say:

1.     I am an attorney with the Office of the Public Defender and am familiar with the above case.

2.     The defendant Joseph Howard is charged in Indictment 03-4-1427 with conspiracy, robbery and weapons offenses.

3.     It is alleged that on February 26, 2003, the defendant and a co-defendant committed a robbery upon Antonio Jorge.

4.     According to the police reports, it is alleged that the defendants entered a beauty salon, were looking around, and when attempting to leave, were apprehended by the police..

5.     There is nothing in the "discovery" stating the defendants saw Antonio Jorge or any other person or confronted them demanding money or other valuables.

6.     Robbery requires that another be threatened, force be used against or bodily injury be used against.

7.     Since there was no contact or confrontation with another, there was no robbery.

8.     It is requested that counts 1 and 2 of Indictment 03-4-1427 be dismissed.

Respectfully submitted,

ROBERT J. BLUMENFELD, ESQUIRE.
ASST. DEPUTY PUBLIC DEFENDER

Sworn and subscribed to before me
this ___ day of June, 2003.

ATTORNEY AT LAW - STATE OF N.J.

ANN SMITH, ESQ.

P# 03002015-002

MICHAEL J. MARUCCI, ESQUIRE
DEPUTY PUBLIC DEFENDER - ESSEX REGION
ATTORNEY FOR DEFENDANT - JOSEPH HOWARD
BY:    ROBERT J. BLUMENFELD, ESQUIRE
       31 CLINTON STREET
       NEWARK, NEW JERSEY 07102

**RECEIVED** JUN 1 6 2003 CRIMINAL RECORDS

SUPERIOR COURT OF NEW JERSEY
ESSEX COUNTY
LAW DIVISION (CRIMINAL)
INDICTMENT NO. 03-4-1427

STATE OF NEW JERSEY,
          Plaintiff

          vs.

JOSEPH HOWARD
          Defendant.
-----------------------------------

NOTICE OF MOTION

TO SUPPRESS

WRITTEN STATEMENT

TO:    HON. DONALD C. CAMPOLO, ESQUIRE
       ACTING PROSECUTOR OF ESSEX COUNTY
       NEW COURTS BUILDING
       NEWARK, NEW JERSEY 07102

SIR:

**RECEIVED** JUN 1 8 2003 MICHAEL L. RAVIN, JSC

**FILED** JUN 1 6 2003 CRIMINAL RECORDS

PLEASE TAKE NOTICE that on the 23rd day of June, 2003 at 9:00 in the forenoon or

as soon thereafter as the court may schedule the motion to be heard, the defendant shall move before

the Honorable Michael L. Ravin, J.S.C., for an Order suppressing defendant's written statement

taken by Det. Holmes of the robbery-homicide squad of the Newark Police Department.

                    MICHAEL J. MARUCCI, ESQUIRE
                    DEPUTY PUBLIC DEFENDER

                    ROBERT J. BLUMENFELD, ESQUIRE

                    ROBERT J. BLUMENFELD, ESQUIRE
                    ASST. DEPUTY PUBLIC DEFENDER

I hereby certify that a copy of the within Notice of Motion was served upon the Office of the
Prosecutor of Essex County.

          BY:    ROBERT J. BLUMENFELD, ESQUIRE
                 ASST. DEPUTY PUBLIC DEFENDER

June 12, 2003

STATE OF NEW JERSEY:
COUNTY OF ESSEX:        SS.



## A F F I D A V I T

I, ROBERT J. BLUMENFELD, ESQ., upon information and belief, upon my oath, depose and say:

1.     I am an attorney with the Office of the Public Defender and am familiar with the above file.

2.     The defendant Joseph Howard  is charged in  indictment 03-4-1427 with conspiracy, robbery and weapons offenses.

3.     At the time of the defendant's arrest on February 26, 2003, he was brought to the robbery - homicide squad of the Newark Police Department and questioned by Det. Levi Holmes.

4.     The defendant claims he told Det. Holmes he did not wish to give a statement.

5.     The defendant claims he told Det. Holmes he wished to remain silent.

6.     The defendant claims Det. Holmes placed his service revolver on the desk near the defendant when the defendant refused to answer questions.

7.     The defendant asserts Det. Holmes became angry stating he doesn't have all night and does the defendant think it's a game.

8.     The defendant says Det. Holmes told the defendant what to say and then took a written statement..

9.     After the statement was concluded is when Det. Holmes gave the defendant his Miranda Rights.

10.     Any statement given by the defendant was obtained by force and intimidation and was not a voluntary statement.

11.    The defendant requests that his written statement be suppressed.


Respectfully submitted,

BY: _____

ROBERT J.  BLUMENFELD, ESQUIRE
ASST. DEPUTY PUBLIC DEFENDER


Subscribed and sworn before me on
this /7/ day of June, 2003.

# Exhibit B

| JUDICIARY - STATE OF NEW JERSEY RECORDS RETENTION SCHEDULE | SCHEDULE: LAW DIVISION - CRIMINAL |
|---|---|
| DIRECTIVE #3-01 | DATE: March 16, 2001 |

This retention schedule has been adopted in accordance with Rule 1:32-2 of the Rules Governing the Courts of the State of New Jersey and N.J.S.A. 2B of the New Jersey Statutes Annotated.

| SERIES NO | RECORD TITLE AND DESCRIPTION | RETENTION PERIOD | DISPOSITION |
|---|---|---|---|
| 18-01-00 | Indictments, Accusations & State Grand Jury Indictments | See Item 18-05-00, CASE FILES for retention. | |
| 18-02-00 | **BAIL RECORDS** Bail records are currently recorded on the Criminal Automated Bail System (CABS) | | |
| 18-02-01 | Bail Recognizances | 7 years | Destroy |
| 18-02-02 | Bail Cards | 7 years | Destroy |
| 18-02-03 | Bail Set Slips/Cards | 7 years | Destroy |
| 18-02-04 | Bail Bond Record Book | 7 years | Destroy |
| 18-02-05 | Bail Docket | Permanent | Permanent |
| 18-02-06 | Bail Discharge Forms | 7 years | Destroy |
| 18-02-07 | Affidavits-Return of Cash | 7 years | Destroy |
| 18-02-08 | Notices of Forfeiture, Cash Bail | 7 years | Destroy |
| 18-02-09 | Notices of Forfeit / Sureties & Copies. Notifying Administrative Office of the Courts and the Department of Insurance of non-payment of sureties. | 7 years | Destroy |

| JUDICIARY - STATE OF NEW JERSEY RECORDS RETENTION SCHEDULE | | SCHEDULE: LAW DIVISION - CRIMINAL | |
|---|---|---|---|
| SERIES NO | RECORD TITLE AND DESCRIPTION | RETENTION PERIOD | DISPOSITION |
| 18-03-00 | Bench Warrants Book dismissed by court | 7 years | Destroy |
| 18-04-00 | Calendars ( not if file=by judge/proceeding) | 3 years | Destroy |
| 18-05-00 | **Case Files** A case file may contain but is not limited to: Indictments, Appeals, Expungements, Krol hearing decisions, Judgment of Conviction, Notice of Appeal, In forma Pauperis (UDIR), Verdict Sheet, Violation of Probation, Post-Conviction Relief Files, etc. | Purge ** case file one year after termination of the appeal period or disposition of the appeal provided no filings have occurred in the prior six (6) months. | With the exception of capital and Municipal appeal cases, the retention of a case is based upon the final disposition. See items 18-05-02 to 18-05-04. |
| 18-05-01 | Capital Cases | Purge ** / Permanent | Permanent |
| 18-05-02 | First and Second Degree Convictions | Purge ** / 40 years after disposition | Destroy |
| 18-05-03 | Third and Fourth Degree Convictions | Purge **/ 20 years after disposition | Destroy |
| 18-05-04 | Dismissals | 5 years after disposition | Destroy |
| 18-05-05 | Municipal Appeal Case Files | 5 years | Destroy |
| 18-05-06 | Municipal Expungement Case Files | 20 years | Destroy |
| 18-06-00 | Complaints (Copies) Copies of complaints submitted as per Court Rule 3:2-1 | 1 year | Destroy |

RS18.WPD (March 16, 2001)

| JUDICIARY - STATE OF NEW JERSEY RECORDS RETENTION SCHEDULE | | SCHEDULE: LAW DIVISION - CRIMINAL | |
|---|---|---|---|
| SERIES NO | RECORD TITLE AND DESCRIPTION | RETENTION PERIOD | DISPOSITION |
| 18-07-00 | Fee Processing and other financial records | See FINANCIAL RECORDS schedule | |
| 18-08-00 | Control Sheets / Books<br>(In-house reference guide to all complaints, commitments, appeals, indictments, Forfeiture of bail, Krol, Post Conviction relief, search warrants, motions and statistics) | 1 year after final judgment | Destroy |
| 18-09-00 | Docket and/or Index Books<br>The method used to index and docket cases changed over the years.  Methods used include:  written entries in books, index cards, computer systems and other electronic media, etc.  The PROMIS GAVEL System is currently used to index and docket criminal cases.  The retention schedule applies to the record type regardless of the medium used. | Permanent | Permanent |
| 18-10-00 | Minute Books and Worksheets | 10 years | Destroy |
| 18-11-00 | Extradition Orders | 20 years | Destroy |
| 18-12-00 | Monthly Reports to AOC, statistical (copy) | 1 year | Destroy |
| 18-13-00 | Search Warrants<br>(Municipal, Homicide, Non Homicide)<br>File includes:  affidavits, transcripts or summary of any oral testimony, search warrant, return and inventory and any original tape or stenographic recording.  Record copy is maintained in the Prosecutor's case files. | 20 years from date of issuance / Check with Prosecutor to verify case disposition | Destroy |

RS18.WPD (March 16, 2001)

| JUDICIARY - STATE OF NEW JERSEY RECORDS RETENTION SCHEDULE | SCHEDULE: LAW DIVISION - CRIMINAL | |
|---|---|---|

| SERIES NO | RECORD TITLE AND DESCRIPTION | RETENTION PERIOD | DISPOSITION |
|---|---|---|---|
| 18-14-00 | Gun Permits | 2 years | Destroy |
| 18-15-00 | **Presentence Investigations** | | |
| 18-15-01 | Presentence Investigations -Criminal | 20 years | Destroy |
| 18-15-02 | Presentence Investigations - Municipal | 5 years from date of hearing | Destroy |
| 18-16-00 | **PRE TRIAL SERVICES UNIT - (PTI)** | | |
| 18-16-10 | **Pre-Indictment Case Files** may contain: Application, Participation Agreement and release, Copy of rejection or copy of acceptance report, (depending on circumstances) Standard Conditions of Participation, Copies of Postponement and Dismissal Orders, Copy of Termination Order, Correspondence | | |
| 18-16-11 | Rejected Cases | 1 year | Destroy |
| 18-16-12 | Accepted Cases | 6 years after dismissal of charges or termination unless in litigation * | Destroy |
| 18-16-20 | **Post Indictment Case Files** may contain: Application, Participation agreement and release, Copy of 25- or 30-day order, Copy of rejection or acceptance report, (depending on circumstances) Standard Conditions of participation, Copy of termination order, Correspondence | | |

| JUDICIARY - STATE OF NEW JERSEY RECORDS RETENTION SCHEDULE | | SCHEDULE: LAW DIVISION - CRIMINAL | |
|---|---|---|---|
| SERIES NO | RECORD TITLE AND DESCRIPTION | RETENTION PERIOD | DISPOSITION |
| 18-16-21 | Rejected Cases | 3 years * | Destroy |
| 18-16-22 | Accepted Cases | 6 years after dismissal of charges or termination unless in litigation * | Destroy |
| 18-16-30 | Post Indictment and Pre-Indictment Case File Cards contain: PTI File number, name and address of applicant, Indictment number or Municipal Court Complaint number, arrest date, counselor assigned, disposition of case, status of case, DOB, AKA, Maiden Name, State PTI number, prior supervisory treatment, application withdrawn, etc. | 10 years | Destroy |
| 18-16-40 | Post Indictment and Pre Indictment Daily Record Ledgers contain: Daily Record of Applications received, date received, defendant's name, Indictment or Municipal Complaint number, arraignment date, name of municipal court, PTI file number, date of 25-day postponement, status. | 10 years | Destroy |
| 18-17-00 | Treatment Assessment and Services for the Courts (TASC) Drug and Alcohol Evaluations | 20 years | Destroy |
| | *Provided case is entered on PTI registry | | |

| JUDICIARY - STATE OF NEW JERSEY RECORDS RETENTION SCHEDULE | SCHEDULE: LAW DIVISION - CRIMINAL | |
|---|---|---|
| **SERIES NO** | **RECORD TITLE AND DESCRIPTION** | **RETENTION PERIOD** | **DISPOSITION** |

| | **\*\*Purge List** The following papers are to be purged one (1) year after termination of the appeal period or disposition of the appeal, provided no filings have occurred in the prior six (6) months: <br><br> - All duplicates of original documents <br> - Miscellaneous correspondence including letters merely transmittal in nature, confirmation of dates, rescheduling problems, letters of inquiry and replies <br> - Computer generated notices to appear/subpoenas <br> - Calendar sheets which do not reflect any courtroom activity (e.g., adjournments) <br> - Requests for transcripts <br> - Copies of documents forwarded to defendants and returned undelivered <br> - Envelopes <br> - 4-part Bail slip (intact) that has the notation "no bail" or "no bail information" <br> - Notice of Appeal <br> - Informa Pauperis (5A UDIR) | List of documents to be purged from the case file one (1) year after termination of the appeal period or disposition of the appeal, provided no filings have occurred in the prior six (6) months. | Destroy |

| | | SCHEDULE: | |
|---|---|---|---|
| **JUDICIARY - STATE OF NEW JERSEY**<br>**RECORDS RETENTION SCHEDULE** | | **LAW DIVISION - CRIMINAL** | |
| SERIES NO | RECORD TITLE AND DESCRIPTION | RETENTION PERIOD | DISPOSITION |

**HISTORICAL NOTE:**

This schedule is a compilation of relevant items from the following retention schedule(s):
    COUNTY CLERK - JUDICIAL - CRIMINAL
    PRETRIAL SERVICES UNIT
    COUNTY CLERK - CIVIL

# Exhibit C

| JUDICIARY - STATE OF NEW JERSEY RECORDS RETENTION SCHEDULE | | SCHEDULE: | LAW DIVISION - CRIMINAL |
|---|---|---|---|
| DIRECTIVE #3-01 | | DATE: | March 16, 2001 REVISED: March 7, 2017 (by Supplement to Directive 03-01) |

This retention schedule has been adopted in accordance with Rule 1:32-2 of the Rules Governing the Courts of the State of New Jersey and N.J.S.A. 2B of the New Jersey Statutes Annotated.

| SERIES NO | RECORD TITLE AND DESCRIPTION | RETENTION PERIOD | DISPOSITION |
|---|---|---|---|
| 18-01-00 | Indictments, Accusations & State Grand Jury Indictments (see Series 18-05-00) | | |
| 18-02-00 through 18-02-09 | Bail Records (Transferred to Schedule #11, Financial Records) | | |
| 18-03-00 | Bench Warrants Book dismissed by court (Deleted) | | |
| 18-04-00 | Calendars (Merged with Series 18-10-00) | | |
| 18-05-00 | **Case Files (Closed)** A case file may contain but is not limited to: Indictments, Appeals, Judgment of Conviction, Verdict Sheet, Violation of Probation, Presentence Investigation and Pretrial Intervention Reports, Pre and Post-Conviction Motions, any and all Orders, copies of Complaints, Drug Court files, etc. | 50 years from year of indictment | Destroy |
| 18-05-01 | Capital Cases (Merged with Series 18-05-00) **Note:** Capital case designation deleted since capital punishment was repealed December 17, 2007. | | |

| SERIES NO | RECORD TITLE AND DESCRIPTION | RETENTION PERIOD | DISPOSITION |
|---|---|---|---|
| 18-05-02 | First and Second Degree Convictions (Merged with Series 18-05-00) | | |
| 18-05-03 | Third and Fourth Degree Convictions (Merged with Series 18-05-00) | | |
| 18-05-04 | Complaints Disposed by Superior Court by Dismissal, Plea, Conditional Discharge | 6 years | Destroy |
| 18-05-05 | Municipal Appeal Case Files | 5 years | Destroy |
| 18-05-06 | Expunged Case Files | 50 years from year of expungement | Destroy |
| 18-06-00 | Complaints (Copies) Copies of complaints submitted as per Court Rule 3:2-1 (Merged with Series 18-05-00) | | |
| 18-07-00 | Fee Processing and other financial records (Transferred to Retention Schedule #11, Financial Records) | | |
| 18-08-00 | Control Sheets / Books  (Deleted) | | |
| 18-09-00 | Docket and/or Index Books | 50 years | Destroy |
| 18-10-00 | Minute Books, Worksheets and/or Calendars (Hard copies of internal working documents) | 5 years | Destroy |
| 18-11-00 | Extradition Orders | 1 year | Destroy |
| 18-12-00 | Monthly Reports to AOC, statistical (copy)  (Deleted) | | |

| SERIES NO | RECORD TITLE AND DESCRIPTION | RETENTION PERIOD | DISPOSITION |
|---|---|---|---|
| 18-13-00 | Search Warrants | 20 years from date of issuance | Destroy |
| 18-13-05 | Wiretap Applications and Orders (and other related matters stored by the Wiretap Judge including, but not limited to Communication Data Warrants (CDWs), etc. | See Retention Schedule #08, Criminal Practice, Record Series #08-03-00. | |
| 18-14-00 | Gun Permit Appeals and/or Dealer Licenses | 6 years | Destroy |
| 18-15-00 | **Presentence Investigations** | | |
| 18-15-01 | Presentence Investigations — Criminal (Merged with Series 18-05-00) | | |
| 18-15-02 | Municipal Presentence Investigations | 5 years from date of hearing | Destroy |
| 18-16-00 | **PRE TRIAL SERVICES UNIT** — Pre-Trial Intervention Report (Merged with Series 18-05-00) | | |
| 18-16-10 | **Pre-Indictment Case Files** (Merged with Series 18-05-00) | | |
| 18-16-11 | Rejected Cases (Merged with Series 18-05-00) | | |
| 18-16-12 | Accepted Cases (Merged with Series 18-05-00) | | |

| SERIES NO | RECORD TITLE AND DESCRIPTION | RETENTION PERIOD | DISPOSITION |
|---|---|---|---|
| 18-16-20 | **Post Indictment Case Files**<br>(Merged with Series 18-05-00) | | |
| 18-16-21 | Rejected Cases<br>(Merged with Series 18-05-00) | | |
| 18-16-22 | Accepted Cases<br>(Merged with Series 18-05-00) | | |
| 18-16-30 | Post Indictment and Pre-Indictment Case File Cards<br>(Deleted) | | |
| 18-16-40 | Post Indictment and Pre-Indictment Daily Record Ledgers<br>(Deleted) | | |
| 18-17-00 | Treatment Assessment and Services for the Courts (TASC) Drug and Alcohol Evaluations (Substance Abuse Evaluator copy) | 7 years | Destroy |
| 18-19-00 | Sexually Violent Predator Records/Case Files | 50 years from year of indictment | Destroy |
| 18-21-00 | Registration and Community Notification Law (Megan's Law) Case Files | 50 years from year of tier determination or upon granting of the motion to terminate the obligation to register | Destroy |

**HISTORICAL NOTE:**

This schedule is a compilation of relevant items from the following retention schedule(s):
    COUNTY CLERK - JUDICIAL - CRIMINAL
    PRETRIAL SERVICES UNIT
    COUNTY CLERK - CIVIL

**Supplement to Directive #03-01 (dated March 7, 2017) revised the schedule as follows:**

Series #18-01-00, Indictments, Accusations and State Grand Jury Indictments, revised to add cross reference.

Series #18-02-00 through 18-02-09, regarding bail records, transferred to Retention Schedule #11, Financial Records.

Series #18-03-00, Bench Warrants Book dismissed by court, was deleted.

Series #18-04-00, Calendars, was merged with Series #18-10-00, Minute Books and Worksheets and the retention period was increased from 3 (three) years to 5 (five) years.

Series #18-05-00, Case Files, was revised to eliminate retention based on the degree of crime and to require all case files be retained 50 years from year of indictment. Therefore, Series #18-05-01, #18-05-02 and #18-05-03 have been merged into Series #18-05-00, Case Files. Series #18-05-01 had required a permanent retention for capital cases. To align with the repeal of capital punishment and the fact that these cases have been commuted to life sentences, this category was merged with Series #18-05-00. The retention period for first and second degree convictions was 40 (forty) years after disposition under Series #18-05-02, and the retention period for third and fourth degree convictions was 20 (twenty) years after disposition under series #18-05-03. In addition, the definition of what may be contained in a case file was amended to remove expungements and to add presentence investigation and pre-trial intervention reports, pre and post conviction motions, any and all Orders, copies of complaints and closed drug court case files. Specifications for Krol hearing decisions, Notice of Appeal, In Forma Pauperis (UDIR) and Post-Conviction Relief files were deleted.

Series #18-05-04, Dismissals, was revised to more accurately describe the record, specifically, complaints disposed by Superior Court by dismissal, plea, conditional discharge and to increase the retention period from 5 (five) years after disposition to 6 (six) years to align with the retention requirement for the same record as specified in Retention Schedule #22, Municipal Courts.

Series #18-05-06, Municipal Expungement Case Files, was revised to delete the designation of municipal and to require a retention period of 50 (fifty) years from year of expungement for all expunged case files, whether from Municipal or Superior Court.

Series #18-06-00, Complaints (copies), was merged with series #18-05-00, Case Files.

Series #18-07-00, Fee Processing and other financial records, was transferred to Retention Schedule #11, Financial Records.

Series #18-08-00, Control Sheets/Books, was deleted.

Series #18-09-00, Dockets and/or Index Books, was amended to reduce the retention period from permanent to 50 (fifty) years.

Series #18-10-00, Minute Books and Worksheets, was amended to include calendars and to reduce the retention period for minute books and worksheets from 10 (ten) years to 5 (five) years and to increase the retention period for calendars from 3 (three) years to 5 (five) years.

Series #18-11-00, Extradition Orders, was revised to reduce the retention period from 20 (twenty) years to 1 (one) year.

Series #18-12-00, Monthly Reports to AOC, statistical (copy), was deleted.

Series #18-13-00, Search Warrants, was revised to delete the detailed record description and the reference regarding checking with the prosecutor to verify case disposition.

Series #18-13-05, Wiretap Applications and Orders, was added to provide a cross reference.

Series #18-14-00, Gun Permits, was revised to specify that the requirement applies to appeals and/or dealer licenses and to increase the retention period from 2 (two) years to 6 (six) years.

Series #18-15-01, Criminal Presentence Investigations, was merged with Series #18-05-00, Case Files, to require a retention period of 50

Series #18-15-02 was revised to clarify record title.

Series #18-16-00, 18-16-10, 18-16-11, 18-16-12, 18-16-20, 18-16-21, 18-16-22, regarding Pre-Indictment and Post-Indictment case files was merged with Series #18-05-00, Case Files, to increase the retention period to 50 (fifty) years from year of indictment.  Formerly, the retention period for pre-indicted rejected cases was 1 (one) year and 6 (six) years for accepted cases.  The retention period for post-indicted rejected cases was 3 (three) years and 6 (six) years for accepted cases.

Series #18-16-30, Post-Indictment and Pre-Indictment Case File Cards, was deleted.  Formerly, they were retained 10 (ten) years.

Series #18-16-40, Post-Indictment and Pre-Indictment Daily Record Ledgers, was deleted.  Formerly, they were retained 10 (ten) years.

Series #18-17-00, Treatment Assessment and Services for the Courts (TASC) Drug and Alcohol Evaluations, was revised to add the designation of "substance abuse evaluator copy" and to reduce the retention period from 20 (twenty) years to 7 (seven) years.

Series #18-19-00, Sexually Violent Predator Records/Case Files, was added to require retention for 50 (fifty) years from year of indictment.
Series #18-21-00, Registration and Community Notification Law (Megan's Law) Case Files, was added to require a retention period of 50 (fifty) years from year of tier determination or upon granting of the motion to terminate the obligation to register.  Formerly, Megan's Law case files were specified under records series #17-05-00 in the Law Division – Civil Part Retention Schedule #17 with a required retention of 20 (twenty) years.

Purge List was deleted.